482 P.2d 910

**WESTERN SURETY COMPANY, a corporation, Appellant,**

v.

**Richard H. WALTON and Oneta Walton, his wife, Appellees.**

**No. 1 CA–CIV 1395.**

Court of Appeals of Arizona,
Division 1.

March 29, 1971.

.George. Sorenson, Jr., and Marc C. Cavness, Phoenix, for appellant.

Rawlins, Ellis, Burrus & Kiewit by Chester J. Peterson, Phoenix, for appellees.

HOWARD, Judge.

Appellees Walton, the plaintiffs below, instituted an action against Ronald R. Rowe, Jr. et ux. and the Emerald Trust Corporation and the appellant. The complaint was in three counts. Counts One and Two were against all of the defendants except appellant and alleged certain misconduct on the part of those defendants in a real estate transaction. Count Three was against the appellant alleging that appellant bonded itself " * * * to pay $2,500 on behalf of EMERALD TRUST CORPORATION and/or defendant ROWE in the event of injury caused by the wrongful acts, debts, defaults or misrepresentations of said Defendants in their capacity as real estate brokers." As part of this count there was attached to the complaint copies of two real estate bonds. The principal on one bond was the defendant Emerald Trust Corporation and the principal on the other was defendant Ronald R. Rowe. Both bonds were in the sum of $2,500. In Count Three the appellees alleged that appellant was liable to them in the sum of $2,500 and the prayer for relief asked for that amount.

Upon receipt of the summons and complaint, appellant forwarded the same to Emerald Trust Corporation together with a letter stating that if appellant was put to any expense because of the action, it would look to the Emerald Corporation for reimbursement. The letter further stated, "You may, if you wish, have your own attorney at your expense defend the Western Surety Company." Defendants Rowe and Emerald Trust Corporation chose to have their own attorney defend the appellant.

A pretrial statement was entered into between the parties below. One of the contested issues was "4. Are the plaintiffs entitled to recover on the broker's license [sic] posted by WESTERN SURETY COMPANY FOR REAL ESTATE BROKERS?" In the pretrial statement it was agreed that copies of both of the bonds would be admissible in evidence. In the pretrial statement, the parties further stipulated:

"6. That prior to November 19, 1966, defendant, WESTERN SURETY COMPANY FOR REAL ESTATE BROKERS bonded itself to plaintiffs to pay $2,500.00 on behalf of EMERALD TRUST CORPORATION and/or defendants ROWE in the event of an injury caused by the wrongful acts, debts, defaults or misrepresentations of said defendants in their capacity as real estate brokers."

On September 15, 1969, the matter came on for trial to a jury. Prior to the start of the trial, the parties stipulated that the

liability of appellant on the bonds would abide the outcome of the case against the other defendants and that the court could, after a verdict, enter its order " * * * regarding the responsibility of the surety company under its *bonds* after the verdict of the jury had been returned and judgment against the primary defendants determined." (Emphasis added). The jury returned a verdict on September 17, 1969, against all defendants except appellant in the sum of $15,000 as and for compensatory damages and $2,500 in punitive damages. During the trial the bonds were introduced into evidence. Two days later a formal written judgment was prepared which gave judgment against the appellant on both of its bonds for a total sum of $5,000. Finally, on October 1, 1969, the judgment signed by the judge was filed.

After the time for appeal had already run, the appellant first learned of the verdict when the appellee sent a letter asking for payment. The matter was referred to the attorney who normally represents the appellant. Through this attorney the appellant filed a motion in the trial court pursuant to A.R.C.P. Rule 60(c), 16 A.R. S., to set aside or modify the judgment against them " * * * upon the grounds and for the reason that Western Surety's liability to plaintiffs could not exceed the sum of Two Thousand, Five Hundred Dollars ($2,500.00)." The denial by the trial court of appellant's motion forms the basis for this appeal.

■ Appellant presents two questions for review. Appellant first asserts that since the complaint only demanded $2,500, it was error for the trial court to enter judgment on both bonds in the sum of $5,000. Appellant cites the case of Smith v. Tang, 100 Ariz. 196, 412 P.2d 697 (1966). Although this case holds that a jury verdict in excess of the amount prayed for in the complaint is defective, it also holds that a verdict in excess of the amount demanded in the pleadings can be cured by amending the complaint to conform to the evidence. Had the original attorney objected to the judgment, as appellant now claims he should have done, the appellees would have had the opportunity to amend the complaint to conform to the evidence which clearly shows liability in the sum of $5,000. Appellant is therefore precluded from raising this issue on appeal.

■ This leads us to appellant's second issue. Appellant claims there was a conflict of interest because the attorney who represented it at trial also represented the other defendants and therefore had no interest in minimizing the amount of appellant's liability on its bonds. This argument is without merit. Appellant itself requested the other defendants to provide counsel for it. Its complaint at this late stage of the game falls on deaf ears.

■ Appellees have asked us to award attorneys fees in the sum of $500 pursuant to A.R.S. § 12–2106. Although it is a close question, we do not believe appellees have clearly demonstrated that the appeal was taken in the purview of the above statute.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.